# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LATASHA YOUNG

VERSUS

WOMAN'S HOSPITAL FOUNDATION

CIVIL ACTION

24-518-SDD-EWD

## RULING

This matter is before the Court on *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint* ("the *Motion*") filed by Defendant Woman's Hospital Foundation ("Defendant").[1] Plaintiff Latasha Young ("Plaintiff") filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] For the following reasons, the *Motion* will be granted.

## I.     FACTUAL BACKGROUND

The Court has previously reviewed and addressed the factual allegations underlying this lawsuit,[4] so only the facts relevant to this Ruling will be addressed herein. This lawsuit arises out of Defendant's alleged denial of Plaintiff's request for disability benefits. Plaintiff was employed by Defendant on May 17, 2021,[5] and terminated on May 20, 2022.[6] During her employment, she participated in multiple employee benefit plans, including the long-term disability plan ("the Plan").[7]

Defendant was the Plan's sponsor and administrator.[8] Defendant designated the insurance provider as the "named fiduciary for deciding claims and appeals for benefits

---

[1] Rec. Doc. 35.
[2] Rec. Doc. 38.
[3] Rec. Doc. 40.
[4] Rec. Doc. 26.
[5] Rec. Doc. 28, ¶ 5.
[6] *Id.* at ¶ 63.
[7] *Id.* at ¶¶ 5–6.
[8] *Id.* at ¶¶ 12–13.

under the Plan."[9] The Plan's Summary Plan Description (the "SPD") required Plaintiff to provide a proof of loss "within 90 days after the date of the loss for which a claim is made."[10] The SPD also mandated that "[w]henever a claim decision is fully or partially adverse, unless ERISA provides otherwise, the claimant must appeal once to the Insurance Company."[11]

After having brain surgery on March 10, 2022, Plaintiff coordinated with members of Defendant's human resources department regarding Plaintiff's "available benefits for care and treatment."[12] Around April 14, 2022, Plaintiff asked a human resources employee about Plaintiff's disability benefits, and the employee stated Plaintiff was not "eligible for disability."[13]

After her employment was terminated on May 20, 2022, Plaintiff filed a Charge of Discrimination on July 29, 2022, with the Louisiana Commission on Human Rights (the "LCHR").[14] On March 27, 2024, her claim was formally dismissed.[15] On April 9, 2024, the U.S. Equal Employment Opportunity Commission (the "EEOC") issued a Determination and Notice of Rights to Plaintiff with a Right to Sue.[16]

Plaintiff filed her original *Complaint* on June 25, 2024,[17] and her *First Amended Complaint* on December 9, 2024.[18] The Court granted *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint*[19] on September 4, 2025, but the Court also provided

---

[9] Rec. Doc. 28-1, p. 27.
[10] *Id.* at p. 16.
[11] *Id.* at p. 28.
[12] Rec. Doc. 28, ¶¶ 36–37.
[13] *Id.* at ¶ 48.
[14] *Id.* at ¶ 65.
[15] *Id.* at ¶ 66.
[16] *Id.*
[17] Rec. Doc. 1.
[18] Rec. Doc. 19.
[19] Rec. Doc. 22.

Plaintiff with "leave to amend her complaint on the limited issue of whether Defendant is a proper defendant on Plaintiff's §§1132/33 ERISA claims."[20] Plaintiff filed her *Second Amended Complaint* on October 6, 2025,[21] in which she sought relief under 29 U.S.C. § 1132(a)(1)(B).[22] The SPD was filed as an attachment to the *Second Amended Complaint*.[23] Defendant now moves to dismiss the *Second Amended Complaint*, and Plaintiff opposes.

## II.    LAW & ANALYSIS

### A. Preliminary Issues

As Defendant correctly points out, and Plaintiff concedes, the *Second Amended Complaint* retains language supporting claims this Court previously dismissed with prejudice.[24] Because the Court dismissed these claims with prejudice, they may not be realleged in the *Second Amended Complaint* and must be dismissed.

Defendant also argues the *Second Amended Complaint* asserts claims under 29 U.S.C. §§ 1132(a)(3) and 1132(c).[25] Plaintiff's *Opposition* does not deny that such claims were raised. Additionally, the *Second Amended Complaint* raises, for the first time, two purported exceptions to the SPD's exhaustion requirement.[26] First, Plaintiff argues Defendant should be estopped from enforcing the SPD's requirements because Defendant did not advise her to review the SPD provisions applicable to her claim.[27]

---

[20] Rec. Doc. 26, p. 27.
[21] Rec. Doc. 28.
[22] *Id.* at ¶ 72.
[23] Rec. Doc. 28-1.
[24] Rec. Doc. 35-1, p. 10 (referencing Rec. Doc. 28, ¶ 73 (claiming violations of the Americans with Disabilities Act and the Family Medical Leave Act)); Rec. Doc. 38, p. 1. *See* Rec. Doc. 26, pp. 27–28 (dismissing with prejudice Plaintiff's claims under the Family Medical Leave Act, the Americans with Disabilities Act, and § 510 (or § 1140) of ERISA).
[25] Rec. Doc. 35-1, pp. 7–10.
[26] *See* Rec. Doc. 28-1, p. 28 (requiring a claimant to appeal an adverse claim decision to the insurance company, unless ERISA provides otherwise).
[27] Rec. Doc. 28, ¶ 77.

Second, she asserts that because Defendant allegedly failed to follow the Plan's claims procedures, she should be deemed to have satisfied the exhaustion requirement.[28]

At this stage in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[29] The Court allowed Plaintiff leave to amend the *First Amended Complaint* "on the limited issue of whether Defendant is a proper defendant" for the §§1132/33 denial of benefits claim alleged therein.[30] That claim was brought pursuant to § 1132(a)(1)(B).[31] The Court did not give Plaintiff leave to allege new legal theories. Nor did Plaintiff file a motion seeking such leave. Additionally, nothing in the record indicates that Plaintiff received Defendant's written consent for these amendments. Accordingly, to the extent Plaintiff alleges legal theories beyond what was permitted in the Court's grant of leave to amend, the *Second Amended Complaint* was amended in violation of Rule 15 of the Federal Rules of Civil Procedure. Any such additional legal theories will be dismissed with prejudice.[32]

### B. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[33] The court, however, "need not 'strain to find inferences favorable to the plaintiff.'"[34] The court may

---

[28] *See* Rec. Doc. 28, ¶¶ 79–80 (quoting 29 C.F.R. § 2560.503.1(l)).

[29] Fed. R. Civ. P. 15(a)(2).

[30] Rec. Doc. 26, p. 27.

[31] Rec. Doc. 19, ¶ 45.

[32] The new legal theories raised in the Second Amended Complaint, including the purported exceptions to exhaustion and new causes of action, are based on the same facts that were alleged in both prior versions of the complaint. Plaintiff provides no explanation to the Court as to why she did not raise these theories earlier in the litigation or why she did not seek leave of court to include them in the Second Amended Complaint. Plaintiff has had ample opportunity to properly add these legal theories to her complaint and failed to do so. The Court will not grant leave to further amend.

[33] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[34] *Stringer v. Town of Jonesboro*, 986 F.3d 502, 512 (5th Cir. 2021) (quoting *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).

consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[35]

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[36] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[38] However, a complaint "is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."[39]

### C. Analysis

Defendant moves to dismiss the § 1132(a)(1)(B) claim, arguing that Plaintiff did not follow the plan's administrative claim procedures, exhaust her administrative remedies, or show that an exception to the exhaustion requirement applies.[40] The Fifth Circuit generally requires that "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."[41] A complaint, therefore, may be dismissed pursuant to Rule 12(b)(6) if the allegations show the plaintiff failed to exhaust her administrative remedies and thus, that relief is barred.[42]

---

[35] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[36] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).
[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).
[38] *Id.*
[39] *Jones v. Bock*, 549 U.S. 199, 215 (2007).
[40] Rec. Doc. 35-1, pp. 5–7.
[41] *Ford v. Freemen*, 388 F. Supp. 3d 692, 708 (N.D. Tex. 2019).
[42] *Jones*, 549 U.S. at 215 ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

Defendant argues Plaintiff admitted that she failed to exhaust her administrative remedies.[43] The *Opposition* neither disagrees with this assertion nor argues that Plaintiff exhausted her administrative remedies.[44] The *Opposition*, instead, claims Plaintiff is entitled to an order "relieving her of any requirement or failure to exhaust administrative remedies."[45]

The *Second Amended Complaint* alleges that Plaintiff attempted to make a claim for disability benefits and that Defendant's employee's response, "you are not eligible for disability," "constituted a denial."[46] Plaintiff also indicates that she filed grievances with the LCHR and the EEOC.[47] The *Second Amended Complaint*, however, makes no allegations that Plaintiff appealed Defendant's alleged denial of her long-term disability benefits to the insurance company. But the SPD requires Plaintiff to appeal an adverse claim decision.[48] Plaintiff also acknowledges that exhaustion is required.[49] The allegations in the *Second Amended Complaint* indicate that Plaintiff did not appeal the alleged denial to the insurance company. Specifically, Plaintiff alleges she is entitled to an order relieving her of any "failure to exhaust administrative remedies."[50] The *Opposition* offers no explanation regarding this seeming admission that Plaintiff did not satisfy the exhaustion requirement.

Without any applicable exceptions to the exhaustion requirement, the factual

---

[43] Rec. Doc. 35-1, p. 5.

[44] *See* Rec. Doc. 38.

[45] *Id.* at pp. 20–21. The cited portions of the *Opposition* are identical to paragraphs 79–80 in the *Second Amended Complaint*, Rec. Doc. 28. The Court notes that most of the *Opposition* is not new argument opposing the *Motion*, but a regurgitation of the allegations in the *Second Amended Complaint*. *Compare* Rec. Doc. 38, pp. 3–22, 25, *with* Rec. Doc. 28, ¶¶ 29–64, 71–72, 74–82.

[46] Rec. Doc. 28, ¶¶ 48, 52.

[47] *Id.* at ¶¶ 65–66.

[48] The Plan states, "Whenever a claim decision is fully or partially adverse, unless ERISA provides otherwise, the claimant must appeal once to the Insurance Company." Rec. Doc. 28-1, p. 28.

[49] Rec. Doc. 28, ¶ 74 (stating "many courts have imposed" an exhaustion requirement).

[50] *Id.* at ¶¶ 80, 82.

allegations in the *Second Amended Complaint* indicate that Plaintiff did not comply with the SPD's requirement to appeal a claim denial before filing suit. Therefore, it is apparent, based on the face of the *Second Amended Complaint*, that Plaintiff failed to exhaust her administrative remedies. Accordingly, Plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B) must be dismissed with prejudice.[51]

## III.    CONCLUSION

For the reasons set forth above, the *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint*[52] is GRANTED. Plaintiff Latasha Young's claims against Defendant Woman's Hospital Foundation are dismissed with prejudice.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 24 day of June , 2026.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[51] Plaintiff has now had three opportunities to state a claim against Defendant (Rec. Doc. 1, Rec. Doc. 19, Rec. Doc. 28) and has failed to do so. The Court will not grant leave to further amend.
[52] Rec. Doc. 35.